IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | Case No. 15-cr-30018 |
| ) | |
| STEVEN JONES,    ) | |
| ) | |
| Defendant.    ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Steven Jones' Amended Motion for Sentence Modification (d/e 62) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is GRANTED.

**I. BACKGROUND**

On June 1, 2016, Defendant entered an open plea of guilty to one count each of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Carrying a Firearm During and In Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and Possession of a Firearm by a Controlled Substance User in violation

of 18 U.S.C. § 922(g)(3) and 18 U.S.C. § 924(a)(2). On July 7, 2017, the undersigned district judge sentenced Defendant to a total term of 60 months and 1 day of imprisonment, consisting of 1 day on the first and third counts to run concurrently with each other and 60 months on the second count to be served consecutively to the sentence imposed on the first and third counts. Minute Entry, July 7, 2017; Judgment 3, d/e 50. A 3-year term of supervised release was also imposed on each count to run concurrently with each other.

Defendant is currently serving his sentence at USP Leavenworth in Leavenworth, Kansas. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed November 25, 2020). Defendant's projected release date is December 18, 2021. Id.

On November 16, 2020, Defendant filed a pro se motion for compassionate release (d/e 57) pursuant to 18 U.S.C. § 3582(c)(1)(A). On November 23, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Sentence Modification (d/e 62) was filed. Defendant requests compassionate release due to his health issues

and the COVID-19 pandemic.  According to Defendant's amended motion, Defendant has a body mass index (BMI) of 36, which is considered to be obese.  Am. Mot. Sentence Modification 3.  The amended motion also states that Defendant "self reports as having fatty liver disease."  Id.  Defendant has also been diagnosed with post-traumatic stress disorder (PTSD).  Id. at 2.

If released from custody, Defendant proposes to reside with his fiancee.  Id. at 5.  The United States Probation Office addressed Defendant's request for compassionate release in a Memorandum (d/e 61), concluding that Defendant's fiancee's residence is suitable.  Probation's Mem. 2.

On November 25, 2020, the Government filed a Response to Defendant's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (d/e 63).  In the Response, the Government states that it does not oppose Defendant's amended motion.  Id. at 1.

As of November 25, 2020, the Bureau of Prisons (BOP) reports twelve active confirmed inmate cases of COVID-19 and five active confirmed staff members cases of COVID-19 at USP Leavenworth.  See Federal Bureau of Prisons – COVID-19 Cases,

https://www.bop.gov/coronavirus/ (last accessed November 25, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting thirty days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

According to Probation's Memorandum, Defendant previously submitted a request for compassionate release to the warden of his facility, which the warden denied. Probation's Mem. 1; see also Pro Se Mot. Compassionate Release 3, 8 (letters from Warden of USP Leavenworth denying Defendant's request for compassionate release based on Defendant's medical conditions and in order to care for Defendant's father who has been diagnosed with Stage IV kidney cancer). For that reason, the Court concludes that Defendant has exhausted his administrative remedies as required by statute.

As Defendant's motion is properly before the Court, the next issue is whether Defendant is eligible for compassionate release. For Defendant to be eligible for compassionate release, the Court, after considering the relevant factors set forth at 18 U.S.C. § 3553(a), must determine that "extraordinary and compelling reasons" warrant a reduction in Defendant's term of imprisonment and that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

1.   <u>Extraordinary and Compelling Reasons for Release</u>

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison.

Defendant is a thirty-nine-year-old white male who suffers from obesity and hypertension. Am. Mot. Sentence Modification 2 (stating that Defendant's self-reported height of 5'11" and weight of

258 pounds results in a BMI of 36, which qualifies as obese); Probation's Mem. 1 (noting that Defendant has been treated for essential (primary) hypertension). While he has been in BOP custody, Defendant has also received treatment for a retinal disorder and Bell's palsy. Probation's Mem. at 1. According to Defendant's amended motion Defendant "self reports as having fatty liver disease." Am. Mot. Sentence Modification 3.

On October 6, 2020, the Centers for Disease Control and Prevention (CDC) revised its guidelines concerning persons who are at higher risk for severe illness from COVID-19 based on the available evidence.[1] According to the most recent information from the CDC, "[h]aving chronic liver disease, such as alcohol-related liver disease, nonalcoholic fatty liver disease, and especially cirrhosis (scarring of the liver), might increase your risk for severe illness from COVID-19."[2] The most recent guidance from the CDC

---

1. See Coronavirus Disease 2019 (COVID-19) – People at Increased Risk of Severe Illness – People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed October 23, 2020).
2. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavir

also indicates that individuals with a BMI of thirty or more are at risk of severe illness from COVID.[3]  As previously stated, Defendant has a BMI of 36, which qualifies as obese.  Additionally, according to the CDC, based on the evidence available at this time, people with hypertension might be at increased risk of severe illness from COVID-19.[4]  Defendant—who has one underlying medical condition that places him at greater risk and two conditions that may increase his risk of serious illness or death from COVID-19—remains at risk of imminent harm.

The Court begins with the factors set out in 18 U.S.C. § 3553(a).  Defendant is currently serving a 60-month and one day term of imprisonment for one count each of possession with intent to distribute methamphetamine, carrying a firearm during and in relation to a drug trafficking crime, and possessing a firearm as a

---

us%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#liver-disease (last accessed November 25, 2020).
3. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#obesity (last accessed October 23, 2020).
4. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#heart-conditions (last accessed October 23, 2020).

controlled substance user.

According to BOP records, Defendant is scheduled to be released from BOP custody on December 18, 2021. According to Defendant's amended motion, Defendant will be eligible for halfway house placement in May of 2021. Am. Mot. Sentence Modification 4. Defendant has actively sought rehabilitation classes while in BOP custody, including drug courses to address his methamphetamine addiction. Id. at 5. Defendant has also been consistently employed while in BOP custody, working in the food warehouse, powerhouse, and as a carpenter. Id. The Probation Office has investigated Defendant's proposed residence if he is released and has concluded that the residence is acceptable. The Court has considered the factors in § 3553(a) and concludes that they entitle Defendant to compassionate release.

2.   <u>Sentencing Commission Policy Statements</u>

The relevant policy statement, § 1B1.13 of the Sentencing Guidelines, explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that "(1)(A) extraordinary and compelling reasons warrant the reduction; . . . (2) the

defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13 (2018).

The commentary to § 1B1.13 provides certain circumstances constituting "extraordinary and compelling reasons" that warrant a sentence reduction.[5] U.S.S.G. § 1B1.13 cmt. n.1.  One of the circumstances is where a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A).  Another circumstance is where "an extraordinary and compelling reason other than, or in combination with," the listed circumstances is present. U.S.S.G. § 1B1.13 cmt. n.1(D).  As discussed above, in this case, Defendant has serious underlying physical and medical conditions which are

---

5. The Court notes that § 1B1.13 of the Sentencing Guidelines has not been amended to reflect all of the additional language added to 18 U.S.C. § 3582(c)(1)(A).  As it stands, § 1B1.13 only refers to a reduction "upon the motion of the Director of the Bureau of Prisoners," which is not the situation here.  No sentencing policy provides guidance for when a defendant files a motion.  Nevertheless, the Court still considers § 1B1.13.

present in combination with the extraordinary and compelling reason presented by the COVID-19 pandemic.

The Court also considers whether Defendant is a danger to the safety of any other person or to the community. See U.S.S.G. § 1B1.13. If released, if Defendant quarantines himself and practices social distancing, that will diminish the risk of spreading the virus. Defendant's only prior convictions are for Attempt (Driving While Intoxicated) and Possession of Cannabis. PSR ¶¶ 40, 42. While in BOP custody, Defendant's only disciplinary infractions were for possessing a hazardous tool (a cell phone) and being absent from assignment. d/e 60 at Page ID 66. As mentioned previously, Defendant has completed drug education classes and educational coursework focused on reentry during his time in custody.

Therefore, the Court finds that Defendant has satisfied all requirements for compassionate release.

### III. CONCLUSION

For the reasons set forth above, Defendant Steven Jones' Amended Motion for Sentence Modification (d/e 62) is GRANTED. The Court hereby reduces Defendant's term of imprisonment in this case from 60 months and 1 day to time served plus 48 hours.

The Court modifies Defendant's conditions of supervised release to require Defendant to spend six months in home confinement, with the first fourteen days to be spent in isolation. The home confinement shall start as soon as possible after his term of supervised release begins. During his term of home confinement, Defendant shall be monitored by telephonic monitoring. All other aspects of Defendant's sentence shall remain the same. Defendant's pro se motion for compassionate release (d/e 57) is DENIED as MOOT.

By text order dated November 25, 2020, the Court directed the Bureau of Prisons to administer a COVID-19 test on Defendant within 24 hours of that text order. The Bureau of Prisons is DIRECTED to provide the test results to the Court and to the attorneys for the parties. If Defendant tests negative, BOP is DIRECTED to release Defendant. If Defendant tests positive, the Court will set a hearing on the matter. The Clerk is DIRECTED to send a copy of this Opinion to USP Leavenworth.

Defendant must further observe a fourteen-day isolation period beginning at the time of his release, including while he travels from USP Leavenworth to his residence. Defendant shall

travel to his residence in a vehicle with three-row seating that allows him to follow the CDC's social distancing guidelines, which include staying at least six feet from others and wearing a face mask and gloves.

ENTER:  November 26, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
